# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA; NATIONAL ASSOCIATION AS TRUSTEE FOR MANA 2007-OR2,<br><br>　　　　　　　Plaintiffs,<br>　vs.<br>ROMUALDO V. CABAL,<br><br>　　　　　　　Defendant. | CASE NO. 10cv1621 WQH (POR)<br><br>**ORDER OF REMAND** |

HAYES, Judge:

　　On April 10, 2010, Plaintiffs HSBC Bank USA and National Association as Trustee for MANA 2007-OR2 initiated this action by filing their Complaint in California Superior Court for the County of San Diego. *See* Doc. # 1 at 11.  On August 3, 2010, Defendant Romualdo V. Cabal, proceeding *pro se*, filed his Notice of Removal removing this case from state court to this Court. *Id.* at 1.

　　The Complaint includes a single claim for Unlawful Detainer under California law. *See id*. at 11.  The Complaint states that damages are less than $10,000.  *Id.*  Defendant states in his Notice of Removal that the removal is pursuant to 28 U.S.C. §§ 1441, 1443, and 1446. *Id.* at 1.  Defendant alleges he has Fifth and Fourteenth Amendment defenses or counterclaims. *Id.* at 2.

　　On August 10, 2010, this Court issued an Order to Show Cause finding that Defendant

failed to establish that this Court has jurisdiction over this action. (Doc. # 5). Defendant was ordered to show cause why this case should not be remanded to the state court for lack of jurisdiction by September 10, 2010. *Id.* at 2. The Court explained, "If Defendant fails to respond or fails to establish that the Court has jurisdiction, the case will be remanded to state court." *Id.*

On September 10, 2010, Defendant's Response to Order to Show Cause was timely filed. (Doc. # 6). Defendant asks the Court to overlook any defects in his pleading or removal because he is proceeding *pro se* and is not a native English speaker. *Id.* at 1-4. He also states that the Order to Show Cause is premature and requests a hearing. *Id.* at 2-3. Defendant contends that removal is proper under 28 U.S.C. § 1443 because his case falls within a civil rights exception to the rule requiring a well pleaded complaint. *Id.*

In his notice of removal, Defendant contends, "This Petition presents the important question of whether the San Diego Superior Courts in particular and State of California Superior Courts in general, routinely demonstrate bias, by depriving Homeowners facing forcible evictions of due process, by granting judgments to creditors without a fair review of all the Homeowner's issues." (Doc. # 4 at 2). Defendant contends that "California Consumers who have been victims of financial fraud" have a right to "fair and unbiased hearings, in accordance with: Due Process of Law, as guaranteed by the fifth and fourteenth amendment[s] to the United States Constitution." *Id.*

The removal statute, 28 U.S.C. § 1447(c) provides, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* The removal statute, 28 U.S.C. § 1443 further provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

*Id.*

In *State of Georgia v. Rachel*, 384 U.S. 780 (1966), the Supreme Court held:

> [W]e conclude that the phrase 'any law providing for * * * equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands.

*Id.* at 792.

The Supreme Court in *Rachel* explained that even where a claim is based on a law that provides for specific civil rights stated in terms of racial equality, a petition for removal must allege, "not merely that rights of equality would be denied or could not be enforced, but that the denial would take place in the courts of the State[, and that] . . . the denial [must] be manifest in a formal expression of state law." *Id.* at 803. The Court explained that "removal is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial. Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." *Id.* at 800. Therefore a litigant "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *People of State of California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)

Defendant's Fifth and Fourteenth Amendment claims do not assert claims under laws providing for specific civil rights stated in terms of racial equality because they are generally applicable. Even if Defendant's claims were based on laws providing for specific civil rights stated in terms of racial equality, his request for removal would fail because he has not alleged that the denial of his federal rights can be predicted from a state statute or a constitutional provision but rather asserts that California state courts "systematically trample[]" litigant's rights in unlawful detainer actions." (Doc. # 6 at 3). This is insufficient to allow removal under § 1443. *See Rachel*, 384 U.S. at 792-800; *Sandoval*, 434 F.2d at 636 ("Bad experiences with the particular court in question will not suffice.")

The Court has previously found Defendant failed to establish that this Court has

1 | jurisdiction over this action, and after reviewing Defendant's Response to the Order to Show
2 | Cause, the Court will not alter this determination. Pursuant to 28 U.S.C. § 1447(c), this action
3 | shall be **REMANDED** for lack of subject-matter jurisdiction to the Superior Court of the State
4 | of California, County of San Diego, North County Division, where it was originally filed and
5 | assigned Case No. 37-2010-00038044-CL-UD-NC.

6 |     **IT IS SO ORDERED.**

7 | DATED: September 21, 2010

                                                 **WILLIAM Q. HAYES**
                                                 United States District Judge